THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID ALAN ANDERSON, | CASE NO. C17-0659-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on the parties' joint motion to seal the administrative record (Dkt. No. 11). Plaintiff brings this case under the Employee Retirement Income Security Act of 1974 ("ERISA") alleging Defendant failed to pay him long-term disability benefits. (Dkt. No. 1.) The parties have previously stipulated that no discovery will be conducted and that the case will be decided on the administrative record. (Dkt. No. 9.) The parties now jointly move to file and maintain the administrative record under seal, because it contains sensitive medical information regarding Plaintiff. (Dkt. No. 11.)

In general, there is a strong presumption to public access to court-filed documents. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); Local Civ. R.

W.D. Wash. 5(g) ("There is a strong presumption of public access to the court's files.") A party seeking to seal a document attached to a dispositive motion must provide compelling reasons "that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1179. While courts have recognized that the need to protect a party's medical privacy is a compelling reason to seal, the decision to seal must be made on a document-by-document basis. *See Karpenski v. Am. Gen. Life Companies, LLC*, No. C12-1569-RSM, slip op. at 2 (W.D. Wash. Oct. 9, 2013) (ruling that some but not all of the documents containing protected medical information should be maintained under seal).

The parties ask the Court to allow the entire administrative record, over 5000 pages, to be filed and maintained under seal because the record includes "extensive private medical records and discussion of Mr. Anderson's private medical information." (Dkt. No. 11.) The parties also assert that redaction of the administrative record is "not a reasonably feasible alternative due to the high volume of medical records and medical information contained throughout the record." (*Id*.) The parties do not assert that the entire record contains sensitive medical information.

The parties' motion to seal is extremely broad. In the context of an ERISA action, the request is the equivalent of sealing the entire case from public view. The Court cannot grant the motion without first conducting an *in camera* review of the documents. Therefore, the parties are ORDERED to file a copy of the administrative record no later than February 5, 2018. The electronic files containing the administrative record must be submitted in a searchable format. The administrative record may be filed under seal for purposes of the Court's *in camera* review. The administrative record will be maintained under seal until such time as the Court issues an order on the parties' stipulated motion to seal (Dkt. No. 11).

DATED this 30th day of January 2018.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk