THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID ALAN ANDERSON,

        Plaintiff,

   v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

        Defendant.

CASE NO. C17-0659-JCC

ORDER

This matter comes before the Court on the parties' joint motion to seal the administrative record (Dkt. No. 11). Having thoroughly considered the parties' motion, and after conducting an *in camera* review of the administrative record, the Court hereby GRANTS the motion for the reasons explained herein.

## I.    BACKGROUND

Plaintiff brings this case under the Employee Retirement Income Security Act of 1974 ("ERISA"), alleging Defendant wrongfully terminated his long-term disability benefits. (Dkt. No. 1.) The parties previously stipulated that no discovery will be conducted and that the case will be decided on the administrative record. (Dkt. No. 9.) The parties filed a stipulated motion to file and maintain the administrative record under seal, asserting that it contains sensitive medical information regarding Plaintiff. (Dkt. No. 11.) The Court ordered the parties to submit a copy of

the administrative record so that it could conduct an *in camera* review to determine whether the request to seal was overly broad. (Dkt. No. 12.) The administrative record contains just over 5000 documents and some surveillance video footage.

## II. DISCUSSION

In general, there is a strong presumption for public access to court files. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); W.D. Wash. Local Civ. R. 5(g). A party seeking to seal a document attached to a dispositive motion must provide compelling reasons "that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1179. While courts have recognized that the need to protect a party's medical privacy is a compelling reason to seal, the decision to seal must be made on a document-by-document basis. *See Karpenski v. Am. Gen. Life Companies, LLC*, No. C12-1569-RSM, slip op. at 2 (W.D. Wash. Oct. 9, 2013) (ruling that some but not all of the documents containing protected medical information should be maintained under seal).

The parties assert that there is a compelling reason to seal because the administrative record contains "extensive private medical records and discussion of Mr. Anderson's private medical information." (Dkt. No. 11 at 2.) In addition, the parties request the Court to seal the entire administrative record "since redaction is not a reasonably feasible alternative due to the high volume of medical records and medical information contained throughout the record." (*Id.*)

After reviewing the administrative record, the Court concludes that the parties have provided a compelling reason to seal. The record contains hundreds of documents that discuss, in detail, Plaintiff's medical conditions, treatment history, and prescription medications. Plaintiff's interest in keeping that information confidential outweighs the public's interest in access. *See Kamakana*, 447 F.3d at 1179.

The thornier issue is whether the entire administrative record should be sealed. The Court notes that approximately 2000 documents—or about 40 percent of the entire record—either reference Plaintiff's personal medical information or discuss it in detail. While some of the

documents containing this information could be individually sealed, many of these references are interspersed within documents and would require detailed redactions. Requiring such redactions would be particularly burdensome for the parties because references to Plaintiff's medical condition are diffused across documents—as an example, many of the insurance claims manager's notes contain short discussions of the Plaintiff's medical condition surrounded by information that is not confidential. The Court also notes that if it required this type of large-scale redaction, the remaining record would be much more difficult to understand and correspondingly less valuable to the general public. Based on its *in camera* review, the Court agrees with the parties that it is not reasonably feasible to redact the record. The parties have provided compelling reasons to seal the entire administrative record in this case.

### III. CONCLUSION

For the foregoing reasons, the parties' motion to seal (Dkt. No. 11) is GRANTED. The parties may file the administrative record under seal. The Clerk is DIRECTED to maintain the administrative record under seal during the pendency of this case.

DATED this 12th day of February 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE